

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON, individually, and on behalf of other members of the general public similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>7-Eleven, Inc.,<br><br>                                    Defendant. | Case No.:  25-cv-03577-AJB-DEB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**(Doc. No. 28)** |

Before the Court is a motion seeking leave to file a first amended complaint filed by Plaintiff Jason Anderson ("Plaintiff"). (Doc. No. 28.) The proposed first amended complaint will adjust the class period in light of the approved settlement in a different wage-and-hour class action against Defendant 7-Eleven ("Defendant"), makes "minor clarifications," and removes two causes of action that do not have a private right of action. (*Id.*) Defendant timely filed a notice of non-opposition to the motion. (Doc. No. 30.)

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave" after the time for amendment as a matter of course has expired. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Five factors are taken into account

to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight[; rather,] it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court finds that all factors weigh in favor of permitting amendment. Specifically, this is the first request to amend the complaint, amendment is for a limited purpose that will streamline litigation and remove causes of action that would have been futile, Defendant does not oppose the motion, and the litigation is in early stages of discovery. Accordingly, the Court **GRANTS** Plaintiff's motion. The corresponding motion hearing is **VACATED**. Plaintiff is directed to file the First Amended Complaint **no later than June 26, 2026**.

**IT IS SO ORDERED**.

Dated:  June 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

2

25-cv-03577-AJB-DEB