UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON, individually, and on behalf of other members of the general public similarly situated,<br>Plaintiff,<br>v.<br>7-Eleven, Inc.,<br>Defendant. | Case No.: 25-cv-03577-AJB-DEB<br>**ORDER DENYING JOINT MOTION TO CONTINUE DEADLINES**<br>**(Doc. No. 39)** |

Before the Court is the parties' joint motion to continue Plaintiff Jason Anderson's deadline to file a motion for class certification, the parties' expert and fact discovery deadlines, and essentially vacate the remaining schedule to be reset after the Court rules on Plaintiff's imminent motion for class certification. (Doc. No. 39.)

"The district court is given broad discretion in supervising the pretrial phase of litigation[.]" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Specifically, "[t]he pretrial

schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). "If th[e] party [seeking the modification] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

In this Court, "[r]equests to continue or reschedule a conference, hearing, briefing schedule, or other date or deadline must be made by a motion filed **no less than 7 days prior to the date the parties seek to change** and include **specific details** addressing (1) the original date and proposed date; (2) good cause for the requested change; (3) the number of previous continuances and requests that have been made; (4) whether previous requests were granted or denied; (5) how this request will impact other dates or deadlines, and (6) how the parties fulfilled the Court's meet-and-confer requirement. Such a motion must be supported by a detailed declaration, explaining the specific reasons and averring that the meet and confer requirement was met." *See* J. Battaglia Civ. Case Proc. § IV.C (emphasis in original). "Requests made fewer than 7 days prior to the date the party seeks to change must address excusable neglect for the request's untimeliness." *Id.*

For cause, the parties state that the nine to ten month extension is warranted "to allow sufficient time to resolve the outstanding discovery disputes, complete all fact and expert discovery, and afford Defendant adequate time to prepare a thorough opposition to Plaintiff's anticipated motion for class certification," considering that defense counsel "has significant trial and arbitration commitments throughout the fall of 2026 and the first half of 2027 that substantially limit counsel's availability to conduct discovery and prepare for class certification briefing under the current schedule." (Doc. No. 39 at 2–3.)

The requested extension of three-quarters or more of a year is an extreme request, which the parties fail to support with sufficient details for the Court to ascertain either the parties' diligence up to this point or the necessity of such a lengthy extension. *See Gibson v. Advanced Bionics, LLC*, No. 2:25-CV-00423-MCS-SSC, 2025 WL 1377780, at *1 (C.D. Cal. Apr. 22, 2025) ("[C]ounsel's obligations in other cases are no excuse for his failure to prosecute this one. If counsel is unable to manage the demands of his case load, then he

should not have undertaken representation of Plaintiffs."); *Reed v. Kariko*, No. 3:20-CV-5580-BHS-DWC, 2021 WL 3563089, at *2 (W.D. Wash. June 30, 2021) ("[A]n overextended case load is not necessarily good cause unless it is the result of events unforeseen and uncontrollable by both counsel and client."). Additionally, the motion is not supported by any declaration, let alone a detailed declaration. Finally, the parties fail to address excusable neglect for the untimeliness of the motion, which was filed only three days prior to the first deadline the parties seek to change.

Accordingly, the Court **DENIES without prejudice** the parties' joint motion to extend scheduling order deadlines. Any future motion must comply with all applicable Federal, Local, and Chambers rules. The Court cautions the parties that if a future motion to amend the scheduling order is not supported with specific details demonstrating diligence, the Court will deny the motion. *See Zivkovic*, 302 F.3d at 1087.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Hon. Anthony J. Battaglia
United States District Judge