UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDERSON, individually, and on behalf of other members of the general public similarly situated,<br>Plaintiff,<br>v.<br>7-Eleven, Inc.,<br>Defendant. | Case No.: 25-cv-03577-AJB-DEB<br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE DEADLINES**<br>**(Doc. No. 43)** |

Before the Court is the parties' renewed joint motion to continue Plaintiff Jason Anderson's deadline to file a motion for class certification, the parties' expert and fact discovery deadlines, and vacate the remaining schedule to be reset after the Court rules on Plaintiff's imminent motion for class certification. (Doc. No. 43.)

"The district court is given broad discretion in supervising the pretrial phase of litigation[.]" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Specifically, "[t]he pretrial

schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). "If th[e] party [seeking the modification] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Unlike the parties' initial attempt, the instant motion complies with all applicable rules and addresses the parties' diligence. (*See generally* Doc. No. 43.) According to the parties, they are currently embroiled in discovery disputes which "independently make the current schedule unworkable." (*Id.* at 5.) Specifically, the parties point to difficulty with the terms submitted to search and collect electronically stored information, the requirement to conduct manual retrieval on-site of information from legacy systems employee-by-employee, and the need to finalize negotiations regarding the appropriate sampling level. (*Id.*) "Despite months of meet and confer, Plaintiff still has not received the class list, time records, or pay records essential to preparing the class-certification motion." (*Id.* at 6.) Defendant estimates that the soonest it could produce information would be around the third week of October 2026. (*Id.*)

Based on the representations and supporting declarations, the Court is persuaded that an extension is warranted; however, the length of the requested extension exceeds the cause provided by the parties at this juncture. With production estimated at the third week of October, the Court finds an extension of five months justified under the circumstances. Accordingly, the Court **GRANTS in part** and **DENIES in part** the parties' joint motion and **AMENDS** the scheduling order (Doc. No. 23) as follows:

| | |
|---|---|
| Motion for Class Certification[1] (Doc. No. 23 ¶ 3) | January 7, 2027 |

[1] A briefing schedule will be issued by the Court upon the filing of any motion for class certification. The parties include a proposed briefing schedule seeking forty-five days for Defendant to file an opposition and fourteen days for Plaintiff to file a reply. (Doc. No. 43 at 8.) The parties do not provide justification for such an elongated briefing schedule. Absent a showing of good cause distinguishing Plaintiff's imminent motion for class certification from other motions for class certification, the briefing schedule will reflect the Court's typical schedule: fourteen days from the filing of the motion for Defendant to respond and seven days from Defendant's response for Plaintiff's reply.

| | |
|---|---|
| Fact Discovery Completion (*Id.* ¶ 8) | February 2, 2027 |
| Expert Witness Designations (*Id.* ¶ 4) | March 2, 2027 |
| Rebuttal Expert Witness Designations (*Id.*) | March 16, 2027 |
| Expert Witness Disclosures (*Id.* ¶ 5) | March 30, 2027 |
| Supplemental Disclosures (*Id.* ¶ 6) | April 13, 2027 |
| Expert Discovery Completion (*Id.* ¶ 8) | May 18, 2027 |
| Pretrial Motions (*Id.* ¶ 13) | June 15, 2027 |
| Rule 26(a)(3) Disclosures (*Id.* ¶ 14) | September 9, 2027 |
| Meet and Confer on the Proposed Pretrial Order ("PTO") (*Id.* ¶ 16) | September 16, 2027 |
| Objections to Pretrial Disclosures (*Id.* ¶ 17) | September 23, 2027 |
| Lodge Proposed PTO with Court (*Id.* ¶ 18) | September 30, 2027 |
| Final Pretrial Conference (*Id.* ¶ 19) | October 14, 2027, at 10:00 a.m. |

All other deadlines and requirements set forth in the scheduling order remain in effect.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Hon. Anthony J. Battaglia
United States District Judge